(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

---

## O'CONNELL *v.* KELLY *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

REPLEVIN—UNDERTAKING—SURETIES.

> Under Code Civil Proc. N. Y. § 1706, providing that, if the sureties fail to justify, the sheriff must return the replevied chattel to plaintiff, an undertaking to obtain a return of the chattel to defendant does not become operative, and no liability is incurred thereon, until the justification and allowance of the sureties.

Appeal from trial term.

An action by Denis O'Connell against John Kelly and Edward Woods, as sureties in an undertaking for the return of a horse replevied in an action of claim and delivery, wherein James O'Connell, plaintiff's assignor, was plaintiff and James Kelly defendant. A jury trial was waived, and the court dismissed the complaint, holding that it was necessary for plaintiff to allege and prove that the sureties justified; that the undertaking was allowed; and that the property was delivered to the defendant in consequence thereof. From the judgment of dismissal plaintiff appeals. The opinion at special term is as follows:

"BOOKSTAVER, J. The complaint does not aver that the sureties on the undertaking justified, nor is it alleged that the undertaking was allowed by the court; and there was no proof on the trial that either of these things were done. Nor did it appear that the property was delivered to the defendant in consequence of the giving of the undertaking, or that the sheriff delivered the undertaking to the plaintiff's assignor in pursuance of the provisions of the Code. The object of the undertaking sued upon was the return of a chattel to the defendant in that action. In order to accomplish this, three things were necessary: (1) The giving of the undertaking; (2) notice of justification of sureties; and (3) the justification of sureties. Code Civil Proc. §§ 1704, 1705. If the sureties failed to justify, the sheriff was bound to deliver the chattel to the plaintiff, (Id. § 1706,) and there is no proof that they did justify, or that the property was delivered to the defendant in consequence thereof. I think, therefore, there was no consideration for the undertaking; that

it never became effective; that the sureties on it never became liable, (*Hemmingway* v. *Poucher*, 98 N. Y. 281;) and that the sheriff had no authority to deliver it to the plaintiff under section 1708 of the Code.   This case is not analogous to *Decker* v. *Anderson*, 39 Barb. 346; for that was a plaintiff's undertaking on claim and delivery, and the sheriff, of necessity, acted upon it in taking the property from the defendant, and, therefore, in that case, there was a consideration for the undertaking.   The complaint should be dismissed, with costs."

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Elbert Crandell,* for appellant.   *William F. Browne,* for respondent.

LARREMORE, C. J.   The judgment dismissing the complaint should be affirmed; and I concur in the reasons for such dismissal given by the learned judge in his opinion at special term.   The clear intention of the Code is to put upon a defendant seeking the redelivery of a chattel which has been replevied the affirmative duty of having the sureties upon his undertaking justify, and of procuring the allowance of such undertaking.   Sections 1704–1706. Section 1706 specifically provides that if defendant makes default in procuring the allowance of the undertaking the sheriff must immediately deliver the chattel to the plaintiff.   It is not alleged in the pleadings, or shown by the proofs, actually what was done by the sheriff with the chattel in question. Certainly, it cannot be presumed that he delivered it to the defendant in the replevin suit, because it is not shown that said defendant entitled himself to such delivery by procuring the allowance of the undertaking.   If there be any presumption at all to be entertained, it would be that the sheriff performed his legal duty under all the facts that appear; that is, that he delivered the chattel to the plaintiff in replevin.   I agree with the learned trial judge that there was no consideration for the undertaking; that it never became operative; that the sheriff never had authority to deliver it to the plaintiff in the replevin suit under section 1708; and that the sureties named in it never incurred any liability.   The judgment should be affirmed, with costs.